IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID CORDOVA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-467 (CAR) |
| | : | |
| GLEN JOHNSON, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2241 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Petitioner David Cordova has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner pleaded guilty to various charges in both the Long County Superior Court and the United States District Court for the Southern District of Georgia, Brunswick Division (Southern District) arising from the same set of facts. Both the state and federal courts sentenced petitioner to life in prison without parole. Petitioner's Section 2241 petition appears to challenge his federal court conviction, his state court convictions, and the implementation of his state and federal sentences. Petitioner, who is currently in state custody, appears to request transfer to federal custody followed by deportation to Mexico. For the following reasons, it is **RECOMMENDED** that Petitioner's Section 2241 petition be **DISMISSED** in part and **DENIED** in part.

### PROCEDURAL HISTORY

On August 26, 1997, a Long County grand jury returned a three-count indictment against Petitioner David Cordova and two co-defendants arising from an incident where the victim was taken from a gas station in her van and killed. Doc. 12-1 at 36-38, 55-59. The indictment charged Petitioner with murder, armed robbery, and kidnapping. Id. On September 15, 1997, an

1

indictment was returned in the Southern District, charging Petitioner and a co-defendant with motor vehicle theft-carjacking in violation of 18 U.S.C. § 2119, and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). See Docket, United States v. Cordova, 2:97-CR-30-AAA (S.D.Ga.). Petitioner's federal charges stemmed from the same events as the state charges.

Petitioner's charges in both federal and state court subjected him to a sentence of death. Pursuant to 18 U.S.C. § 2119, a defendant convicted of a carjacking resulting in death can be imprisoned for any number of years up to life, or sentenced to death. 18 U.S.C. § 2119(3). As such, Petitioner could have been sentenced to death in federal court. Similarly, the State sought the death penalty against Petitioner in state court. Doc. 12-1 at 53.

Following discovery and plea negotiations, Petitioner pleaded guilty in both federal and state court. On February 17, 1998, Petitioner pleaded guilty in federal court to carjacking and was sentenced to life imprisonment. Cordova, 2:97-CR-30-AAA. The Government dismissed the firearm charge. Id. Because parole had been abolished in federal court, Petitioner's federal sentence was equivalent to life without parole. On May 10, 1999, Petitioner pleaded guilty in state court to murder, armed robbery, and kidnapping. Doc. 12-1 at 40, 46. The state court sentenced Petitioner to life without parole on the murder count, consecutive life without parole on the armed robbery count, and life without parole on the kidnapping count to run concurrent with the murder sentence. Doc. 12-1 at 40. The state court further ordered all state sentences to run concurrent with Petitioner's federal sentence. Id. Petitioner did not appeal his federal or state sentences.

On May 28, 2008, Petitioner executed his state habeas corpus petition. Doc. 12-5. Following an evidentiary hearing, the state habeas court denied Petitioner's state petition on

August 30, 2010. Doc. 12-6. The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal on July 2, 2012. Doc. 14-1. On November 14, 2012, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241. Doc. 1. On January 29, 2013, Respondent Warden Glenn Johnson filed a Motion to Dismiss. Doc. 10.

## DISCUSSION

Petitioner's Section 2241 petition appears to allege grounds challenging his federal court conviction, his state court convictions, and the implementation of his federal and state sentences. Because Petitioner has failed to show that a Section 2241 petition is a proper means to challenge to his federal court conviction, the ground challenging his federal court conviction must be dismissed. Because Petitioner's challenge to his state court convictions is untimely filed, those grounds also must be dismissed. Additionally, Petitioner has failed to produce evidence that his sentences have been improperly implemented, and upon review of the record it appears that he is properly confined in state custody. As such, the ground challenging the implementation of his sentences is without merit.

### Federal Court Conviction

Petitioner challenges his federal court conviction by alleging that the "District Court failed to comply with Fed. R. Crim. P. Rule 11(c)(1) requiring the court to inform defendant of maximum possible penalty." Doc. 1 at 7. A Section 2241 petition is not the proper vehicle for challenging a federal court conviction except in very limited circumstances. See 28 U.S.C. § 2255(e); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). A Section 2241 petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him…unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In this case, a Section 2241 petition is not appropriate to challenge Petitioner's federal court conviction. It does not appear that Petitioner has filed a Section 2255 motion in the Southern District, and Petitioner has failed to allege that a Section 2255 motion would be inadequate to test the legality of his conviction. Accordingly, Petitioner's ground challenging his federal court conviction must be dismissed.

State Court Convictions

Petitioner challenges his state court convictions by alleging that his guilty plea was not knowing and voluntary and that his convictions in state court constitutes double jeopardy. A petitioner's challenge to his state court conviction and sentence may be brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). Although Section 2241 authorizes a habeas corpus remedy for state court prisoners, a Section 2241 petition brought by a state court prisoner is subject to the same limitations as a Section 2254 petition. Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). As such, a Section 2241 petition challenging a state court judgment is subject to the time limitations set forth in 28 U.S.C. § 2244. Id.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Finality of judgment pursuant to Section 2244(d)(1)(A) consists of two prongs, and each prong relates to a distinct category of petitioners. Gonzalez v. Thaler, 312 S.Ct. 641, 653 (2012). For a petitioner who pursues direct review all the way to the United States Supreme Court, his judgment becomes final at the "conclusion of direct review" when the United States Supreme Court affirms the conviction on the merits or denies a

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1).

petition for certiorari. Id. For a petitioner who does not pursue direct review all the way to the United States Supreme Court, his judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for pursing direct review expires. Id. at 653-54. See also Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006).

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner did not file his federal petition within a year of his conviction becoming final. Because Petitioner did not pursue direct review all the way to the United States Supreme Court, his conviction became final when his time to seek direct review expired. As Petitioner did not appeal his conviction or sentence, his time to seek direct review expired thirty days after he entered his guilty plea. See O.C.G.A. 5-6-38 (a notice of appeal must be filed within thirty days). Petitioner's conviction therefore became final on June 9, 1999. Petitioner then waited nearly nine years to file his state habeas petition on May 28, 2008. Because over a year had passed after his conviction became final before Petitioner filed his state habeas petition, there was no time left to be tolled by the filing of his state petition. See Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012). Petitioner therefore failed to file his federal habeas petition within the AEDPA's one-year limitation period.

Although Petitioner does not explicitly argue as much, the basis for Petitioner's claim that his guilty plea was unknowing suggests that Petitioner is attempting to base his claim on a

5

constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Pursuant to the AEDPA, the one-year limitation period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Petitioner claims that his guilty plea was unknowing because counsel failed to warn him that he might be deported as a consequence of his guilty plea. In Padilla v. Kentucky, the Supreme Court held that counsel's failure to inform a defendant of the immigration consequences of pleading guilty constitutes ineffective assistance of counsel. 559 U.S. 356 (2010). Padilla was not made retroactive to defendants whose convictions became final before its issuance, however. Chaidez v. United States, 133 S.Ct. 1103, 1113 (2013). As such, Padilla did not restart the limitations period for Petitioner.

Additionally, Petitioner has failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (emphasis added); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). In this case, Petitioner has failed to allege that he is entitled to equitable tolling.

Accordingly, Petitioner's grounds challenging his state court convictions must be dismissed as time-barred.

## The Implementation of the Sentences

Petitioner also appears to contend that the Department of Corrections is wrongfully running Petitioner's federal sentence consecutive to his state sentences. Both state and federal prisoners may challenge the execution of their sentences via a Section 2241 petition. See Peoples, 393 F.3d at 1353; Antonelli, 542 F.3d at 1352. Petitioner, however, fails to present any evidence to support his claim that the Department of Corrections is wrongfully implementing his sentences. Moreover, there is nothing in the record to indicate that the Department of Corrections is wrongfully implementing Petitioner's sentences.

The transcript of Petitioner's guilty plea and sentencing hearing clarifies Petitioner's claim regarding the implementation of his sentences. At the hearing, there was a lengthy discussion regarding the relationship between the state and federal sentences. Doc. 12-1 at 60; Doc. 12-2 at 1-4. When discussing whether the state sentences should run consecutively or concurrently to the federal sentence, the State informed the trial judge that the implementation of the state sentences in relationship to the federal sentence was moot based on the length and type of the sentences. Petitioner was sentenced to two consecutive sentences of life without parole and a concurrent sentence of life without parole in state court, as well as a sentence of life without parole in federal court. As such, it was apparent that Petitioner's state sentences would not expire within Petitioner's lifetime.

The State also informed Petitioner and the trial court that Petitioner would spend the duration of his sentences in state custody. The State explained that "the federal authorities are taking the position that since [Petitioner] was gotten back on a writ from the federal authorities to

stand his trial in state court, . . . he would be in state custody until the conclusion of his case, which they are interpreting to mean until he serves his sentence also." Doc. 12-1 at 60. The State further stated that "[t]here is still the sentence there in the federal court system, but I do not believe that the Bureau of Prisons is going to pick him up until he has served his state sentence, which by operation of law would be a moot point at that time." Doc. 12-1 at 60 to Doc. 12-2 at 1. Accordingly, although the trial court chose to run the state sentence concurrent to the federal sentence, Petitioner was informed that he would spend his entire sentence in state custody.

Because Petitioner has failed to provide evidence that the Department of Corrections is wrongfully implementing his sentences, and because the record shows that Petitioner was informed at his guilty plea and sentencing hearing that he would serve his sentences in state custody, Petitioner's claim regarding the implementation of his sentences is without merit.

## CONCLUSION

Petitioner is not entitled to relief on the grounds alleged in his Section 2241 petition. Because Petitioner has failed to show that a Section 2241 petition is a proper means to challenge his federal court conviction, Petitioner's challenge to his federal court conviction must be dismissed. Because Petitioner failed to file his petition challenging to his state court convictions within one year of his conviction becoming final, Petitioner's challenge to his state court conviction must be dismissed as time-barred. Additionally, Petitioner has failed to provide evidence supporting his claim that his sentences are being wrongfully implemented, and the record indicates that Petitioner is appropriately serving his sentences in state custody. As such, Petitioner's challenge to the implementation of his sentences is without merit and must be denied. Accordingly, it is hereby **RECOMMENDED** that Petitioner's Section 2241 petition be **DISMISSED** in part and **DENIED** in part.

Additionally, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of June, 2013.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge