IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID CORDOVA, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:12-CV-467 (CAR) |
| | : | |
| GLEN JOHNSON, Warden, | : | Petition for Writ of Habeas Corpus |
| | : | 28 U.S.C. § 2241 |
| Respondent. | : | |
| | : | |

### ORDER ON THE RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 17] to dismiss in part and deny in part Petitioner David Cordova's Petition for Writ of Habeas Corpus [Doc. 1] pursuant to 28 U.S.C. § 2241.  Petitioner, proceeding *pro se*, filed a timely Objection to the Recommendation [Doc. 18].  After thoroughly considering the Petitioner's objections pursuant to 28 U.S.C. § 636(b)(1), the Court finds them to be without merit and agrees with the findings and conclusion of the United States Magistrate Judge.[1]

Thus, the United States Magistrate Judge's Recommendation [Doc. 17] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Section 2241 Motion [Doc. 1] is hereby **DISMISSED** in part and **DENIED** in part.  Specifically, Petitioner's challenges to his federal and state court convictions are **DISMISSED**, and

---

[1] To the extent Petitioner's Objection presents his "foreign sovereignty" as new grounds to challenge his federal and state court convictions, the Court declines to consider his argument because it was not first presented to the United States Magistrate Judge.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Petitioner's challenge to the implementation of his sentences is **DENIED**.[2] Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is hereby **DENIED**.

**SO ORDERED,** this 2nd day of July, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[2] Alternatively, if the Court were to construe Petitioner's challenges to his state and federal court convictions as a motion to vacate, set aside, or correct his convictions under 28 U.S.C. §§ 2254 and 2255 based on ineffective assistance of counsel, his Motion would be time-barred pursuant to 28 U.S.C. §§ 2244(d) and 2255(f).